330 So.2d 420

**Robert E. MINTON, d/b/a Valley Paging**

**v.**

**ALABAMA PUBLIC SERVICE COM-
MISSION et al.**

**SC 1431.**

Supreme Court of Alabama.

April 2, 1976.

William K. Martin and Robert S. Rich-
ard, Montgomery, for appellant.

Sydney S. Smith and Joseph W. Smith,
Phenix City, for Phenix Communications
Co., Inc.

Jerry L. Weidler and Carl L. Evans,
Montgomery, for Alabama Public Service
Commission.

EMBRY, Justice.

## The Case

This appeal is by Robert E. Minton d/b/a Valley Paging from judgment of the Circuit Court of Montgomery County which affirmed an Order of the Alabama Public Service Commission. The Order granted a Certificate of Public Convenience and Necessity to Phenix Communications Company, Inc. The Certificate authorized Phenix to operate a one-way signaling (paging) service and two-way communication service (by radio) in Russell County and a portion of Lee County. The Certificate is required by the Alabama Radio Utility Act. Code of Ala., Tit. 48, § 355(9) et seq. Minton filed a protest with APSC to the application of Phenix for the Certificate. He appealed to the Montgomery Circuit Court from the grant of it by filing complaint in that court per statute. It alleged the Order of APSC granting the Certificate was in violation of Code of Ala., Tit. 48, § 355(19), and unlawful.

We reverse.

## The Issue

The sole issue presented for review determinative of the result on this appeal is: May Certificates of Convenience and Necessity be held by competing radio utilities entitling each to offer the same service, in the same area, when one held a grant of authority antecedent to another and there had been no determination that the holder of the prior grant had generated operation of Code of Ala., Tit. 48, § 355(19)? We answer in the negative.

## Definitions

(A) "One-way" signaling can be described as one-way communication (by radio transmitter) to a radio receiver for the purpose of actuating a signaling device on such receiver or for communicating a message to such receiver.

(B) "Two-way" (radio) communication can be described as radio transmission to, by voice or signal, and reception by radio receiver of such voice or signal transmission and the converse of that process.

(C) "Primary basis," for the purposes of this case, can be described as the priority allowed one-way signaling conducted on a "paging only" channel over a transmitter being utilized in a two-way communications operation.

(D) "Secondary basis," for the purposes of this case, can be described as one-way signaling permitted over a transmitter being utilized in a two-way communications operation but which is prohibited while two-way communications are being conducted over the channel. Such signaling is, therefore, subordinate and secondary to two-way communications.

## The Facts

The record contains evidence from which the following facts may be discerned:

In August 1971, Minton filed application with the Federal Communications Commission (FCC) for authority to conduct a one-way signaling service in Phenix City, Alabama. On 22 September 1971, Phenix protested that application. On 28 September 1971, the Alabama Radio Utility Act became law.[1] On 1 March 1972, APSC granted Phenix authority for one-way signaling and two-way communication service. On 23 March 1972, the Certificate granting that authority was amended by APSC to limit one-way signaling by Phenix to conducting it *"on a secondary basis only."* This was effected as a result of petition filed by Phenix.

---

1. Until 20 September 1972, no regulations had been promulgated by APSC making distinction between one-way signaling on a primary basis and that done on a secondary basis.

On 9 August 1972, Minton was granted a Certificate of authority by APSC for one-way signaling (paging) on a *primary* basis. Phenix, which for several years had been operating a signaling (paging) service on a *secondary* basis, appealed from that grant to him by filing complaint in the Circuit Court of Montgomery County. That court affirmed the decision of APSC granting Minton the Certificate authorizing him to offer the radio utility service for which he had applied. Phenix took no appeal from that decision.

On 7 March 1973, Phenix filed an application seeking to be certificated by APSC for operation of a one-way signaling service on a primary basis in the area already being serviced by Minton. At the time of application by Phenix, Minton had some five customers using a total of fourteen paging devices.

The APSC held a hearing on Phenix's application. Phenix presented testimony of two of its customers, *already receiving secondary* paging service. Their testimony indicated a willingness to accept primary paging service provided Phenix could offer such service. However, they were not willing to change to another radio utility to obtain the advantages of primary paging. They had been offered a primary paging service by Minton and had refused such service.

On 24 May 1974, after this hearing, an Order of APSC was entered granting the application and issuing Phenix a Certificate of authority to operate one-way signaling (paging) service. A portion of that Order made the following finding:

"* * * Protestant, Robert E. Minton d/b/a Valley Paging presently holds a Certificate of Public Convenience and Necessity to operate a one-way signaling service in the same area as that requested by Applicant. This Certificate was granted to Valley Paging on August 9, 1972, under Docket No. 16564."

Minton was never given notice of, nor was he afforded, a hearing so that APSC might determine that he, who already held a Certificate as one for which Phenix was applying, was

"* * * (1) unwilling or unable to meet the reasonable needs of the public, and (2) that the person [Minton] operating the same [service] is unable to or refuses or neglects after hearing on reasonable notice to provide reasonably adequate service." Code of Ala., Tit. 48, § 355(19).

### The Decision

Code of Ala., Tit. 48, § 82, permits the trial court and this court to set aside an Order of APSC only if it finds (1) the Order was procured by fraud, or (2) the Order was based upon findings of fact contrary to the substantial weight of the evidence, or (3) appellant's substantial rights were prejudiced by the Commission's misapplication of the law to the facts. *Alabama Public Service Commission v. Cooper Transfer Company, Inc.,* 295 Ala. ——, 326 So.2d 283; *Alabama Public Service Commission v. Higginbotham,* 256 Ala. 621, 56 So.2d 401.

In this case (1) and (2) have no area of applicability. Number (3) collides with the Order when the finding in that Order, to which we previously alluded, demonstrates that Phenix was certificated in spite of the Commission's failure to comply with Tit. 48, § 355(19). That was the point at which Minton's substantial rights were prejudiced by the grant to Phenix of its Certificate without applying § 355(19) to the proved fact; Minton's then extant Certificate. The grant was, therefore, in direct violation of law. The trial court failed to reverse APSC for its error. We must.

The judgment of the Circuit Court of Montgomery County affirming the action

of the Alabama Public Service Commission is hereby reversed as is the Order of that Commission granting Phenix Communications Company, Inc. its Certificate of Public Convenience and Necessity permitting operation by it of a one-way paging or signaling service on a primary basis. That Certificate is due to be revoked as improvidently granted.

REVERSED AND REMANDED.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.